**NEW YORK, SUSQUEHANNA AND WESTERN RAILROAD COMPANY, Applicant,**

v.

**PENN CENTRAL COMPANY, Respondent.**

**No. 68 Civ. 2658.**

United States District Court
S. D. New York.

July 29, 1968.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for applicant.

Gerald E. Dwyer, New York City, for respondent.

MANSFIELD, District Judge.

The attached motion of New York, Susquehanna & Western Railroad Co. ("Susquehanna") is denied. By decision and order dated April 6, 1966, the Interstate Commerce Commission approved the Penn Central merger subject to the condition that the operations of the Susquehanna, an intervenor in the proceedings, be included in the transaction "upon such fair and equitable terms as the parties may agree subject to Commission approval, or in the event they disagree, upon such terms and conditions as this Commission may impose," 327 I.C.C. 475, 552. The order further provided that "terms of the inclusion will be determined in a separate proceeding; but consummation of the merger need not await the conclusion thereof," 327 I.C.C. at 522. Following an unsuccessful itinerary through the courts, Baltimore & Ohio R. Co. v. United States, 386 U.S. 372, 87 S.Ct. 1100, 18 L.Ed.2d 159 (1967), reversing Erie-Lackawanna R. Co. v. United States, 259 F.Supp. 964 (S.D.N.Y.1966), the merger was approved by a three-judge court. Erie-Lackawanna R. R. Co. v. United States, 279 F.Supp. 316 (S.D.N.Y.1967). After challenges unrelated to Susquehanna's inclusion, the Penn Central merger was approved by the Supreme Court on January 15, 1968, Penn-Central Merger and N & W Inclusion Cases, 389 U.S. 486, 88 S.Ct. 602, 19 L.Ed.2d 723 (1968), and consummated on February 1, 1968. However, inclusion of Susquehanna has not yet been effectuated.

Contending that Penn Central is refusing in good faith to negotiate with Susquehanna the terms and conditions for the latter's inclusion, and that Penn Central has engaged in a campaign of economic harassment designed to injure the business and financial standing of Susquehanna with a view to undermining its bargaining position in the merger negotiations and force it to accept harsh and inequitable terms, Susquehanna seeks an order requiring Penn Central to engage in good faith merger negotiations and cease its harassment. Susquehanna also seeks an order requiring immediate consummation of the "physical" merger, with the financial terms to be agreed upon or fixed by the Commission at a later time.

 It would appear that a carrier that has been included in a merger pursuant to an order of the Interstate Commerce Commission can seek relief in the district courts, pursuant to Title 49 U.S.C. § 16(12), 28 U.S.C. § 1336, see Baltimore & Ohio R. R. Co. v. Chicago Junction Ry. Co., 156 F.2d 357 (7th Cir. 1946); Clemens v. Central R. R. Co., 264 F.Supp. 551 (E.D.Pa.1967); Brogan v. Pennsylvania R. R. Co., 211 F.Supp. 881 (N.D.Ill.1962). Nevertheless, on the facts of this case the relief that Susquehanna seeks cannot be granted on this motion for preliminary relief because sharp issues are presented by conflicting affidavits as to whether there has been disobedience of the Commission order. That order contemplated that the parties would negotiate terms and conditions for

Susquehanna's inclusion and if they could not agree, apply to the Commission for the establishment of such terms and conditions. It did not, however, prescribe any blueprint, pattern or procedure to be followed in negotiations much less require that the parties reach agreement. Moreover, the inclusion of Susquehanna contemplated protective arrangements to be undertaken on behalf of Reading Company, The Central Railroad Company of New Jersey, The Western Maryland Railway, and The Delaware and Hudson Railroad Corporation concerning the amount of traffic of those railroads subject to diversion by reason of the inclusion and as to conditions necessary to protect existing routes and gateways.

While it appears that there may be merit to Susquehanna's contention that Penn Central is endeavoring to squeeze it into an unfavorable bargaining position, to order Penn Central to negotiate in good faith and to cease the alleged harassment would probably be both ineffectual and futile, especially since it has furnished detailed affidavits of responsible officials to the effect that it has been negotiating in good faith and that its conduct in other respects was both reasonable and prompted by circumstances having nothing to do with any intent to harass which is denied. Moreover, the Commission's order provided a forum for the Susquehanna in the event terms and conditions of merger were not agreed upon.

If the parties have been unable to agree, Susquehanna's remedy is to ask the Commission to fix the terms and conditions of the acquisition. Although Susquehanna contends that such procedure would be so protracted and time-consuming as to cause it to continue serious economic harm at the hands of Penn Central, no evidence is offered as to the time that would be required for Commission action. In view of the circumstances and the Commission's already expressed desire that the merger be completed promptly, this Court cannot assume that the Commission would not act expeditiously upon an application to fix the terms and conditions for Susquehanna's acquisition.

With respect to Susquehanna's desire to obtain a "physical" merger with the terms and conditions to be worked out subsequently, it appears that the grant of such relief would be inconsistent with the legitimate interest of third party railroads who are not currently before the Court, and might subject them to diversion of traffic should this Court order immediate consummation. Cf. York v. Stallings, 217 Or. 13, 341 P.2d 529 (1959). This affords still another reason for having the Susquehanna inclusion proceeding before the Commission, at which all sides can be heard. In conclusion, it would appear that an expedited procedure, similar to that contemplated in Baltimore & Ohio R. R. Co. v. United States, 386 U.S. 372, 87 S.Ct. 1100, 18 L.Ed.2d 159 (1967), or with respect to the inclusion of the New York, New Haven and Hartford Railroad, see 327 I.C.C. at 522–27, would be the proper mode of proceeding.

If, however, the parties are unable to agree and the Commission advises that such proceedings before it would be protracted, nothing precludes Susquehanna from applying to the Court for an order directing that the acquisition be completed pending determination of the terms and conditions by the Commission. Any such application, of course, would have to be considered on its own merits. The result reached herein appears to this Court to represent a sensible division of functions between an administrative agency that is vastly more familiar with the intricacies and ramifications of this complex problem, and the judiciary. See Jaffe, Judicial Control of Administrative Action 124, 132–33 (1965); cf. Far East Conference v. United States, 342 U.S. 570, 577, 72 S.Ct. 492, 96 L.Ed. 576 (1952).

Accordingly, Susquehanna's motion is denied.

So ordered.